| 98 | 479 |
|----|-----|
| a196s | 269 |

# Canute R. Matson, for use, etc., v. William Ripley et al.

1. BILLS OF SALE—*Where the Vendor Has No Title.*—Where a person without title to property makes a bill of sale of it to another he conveys no title.

Debt, on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

HOYNE, O'CONNOR & HOYNE, attorneys for appellant.

M. B. & F. S. LOOMIS, attorneys for appellees.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is a suit on a replevin bond, brought by appellant, formerly sheriff of Cook county, for the use of the parties composing the firm of Kellogg, Ducey & McAuley, and one William W. Oliver, against whom the writ of replevin in the action wherein the bond was given, was sued out. That suit was subsequently dismissed on plaintiff's motion, and this suit on the bond followed.

The cause having been submitted to the court without a jury, judgment was entered in favor of appellant, finding the debt to be the amount of the bond, $2,400, and assessing appellant's damages at the sum of $51. From that judgment this appeal is prosecuted.

To the declaration in debt on the replevin bond, appellees pleaded in substance that the merits upon the original replevin suit were not determined in that action, and that the appellees constituting the firm of William Ripley & Son were and are absolute owners of the goods replevied. Appellee Durgin is sued as surety on the bond.

The material facts are substantially as follows: Appellees Ripley & Son, have been for quite a number of years engaged in the lumber business in Chicago. March 11 and April 18, 1889, bills of sale were executed by the firm of Hibbard & Co., of Masonville, Michigan, conveying to said appellees a large quantity of pine and cedar logs, ties and posts then lying in certain Michigan rivers, " and being marked on the end with the letter H." The consideration mentioned in the said bills of sale is $3,000 and $18,000, respectively. They were duly executed and recorded in the proper office. By arrangement between the parties, Hibbard & Co. manufactured the logs into lumber, the expenses being paid by appellees, and the latter sent vessels from time to time and conveyed the lumber so manufactured to Chicago, where it was received by Ripley & Son and credited on the account with Hibbard & Co. In the fall of the year, October 8, 1889, Ripley & Son directed the captain of the schooner " Dunham," which had been run-

ning almost constantly that season in their employ, to go to Masonville, Michigan, for a load of this lumber. The vessel arrived at Rapid River and began loading October 10th. The water being shallow near the dock, the captain was directed to procure a scow to take the lumber from the wharf to the schooner, lying some distance from the shore. October 11th, part of the lumber being on board the vessel and a part still on the scow alongside, a replevin writ was served, issued at the suit of one Richard Mason against Hibbard & Co., on a claim for stumpage, the lumber, it is said, having been cut from land belonging to the "Mason estate." This claim was settled by Hibbard & Co., upon the payment of $500, whereupon the lumber was released from seizure under said replevin writ, and the loading of the vessel was thereupon resumed. Three days later, October 14th, when all the lumber in controversy was either on the vessel or on the scow alongside ready to be put on board, an attachment writ sued out by appellant Oliver against Hibbard & Co. was levied on said lumber, which it is claimed by appellees Ripley & Son not only belonged to them but was in their possession on said vessel. There is evidence tending to show that Oliver was told by Hibbard & Co. that said lumber belonged to Ripley & Son; but nevertheless Hibbard & Co. were induced to execute a new bill of sale conveying the lumber in question to Oliver, the latter stating he "would take his chances." The captain of the schooner was then directed to deliver the lumber in question to the firm of Kellogg, Ducey & McAuley in Chicago, and he signed a receipt therefor to that effect. When the vessel reached Chicago he delivered the receipt to said firm, but the lumber was at once replevied by appellees Ripley & Son.

It is contended for appellant, that the indorsements on the original bills of sale from Hibbard & Co. to Ripley & Son, under which the latter claim title to the lumber in controversy, were improperly introduced in evidence. These indorsements, purporting to show the filing of the instruments, were introduced to show compliance with the laws

of Michigan, requiring a conveyance intended to operate as a mortgage to be filed in the office of the town clerk of the township where the mortgagor resides. In the view we take of the case it is unnecessary to consider this objection. It is by no means proven that said bills of sale were not absolute conveyances of the property therein described. There is evidence tending to show that they were intended to convey the entire out-put of Hibbard & Co. One of the members of the latter firm testified: "I considered that William Ripley & Son at this time owned all of the lumber in, around or about the mill at Rapid River where it was manufactured." Whether specifically covered by the bills of sale or not, the property now in controversy was treated as belonging to appellees Ripley & Son, and it had actually been delivered on board the vessel employed by them to receive it, when attached by Oliver. The captain of the vessel states "the lumber was received by me as the lumber of William Ripley & Son." Even if the bills of sale be disregarded, and it be conceded as doubtful whether the lumber in question was cut from logs therein described, still it appears that said lumber had been actually sold and delivered to appellees Ripley & Son, when Oliver seized it as the property of Hibbard & Co. We know of no principle of law that could confer title upon Oliver by such procedure.

The bill of sale given by Hibbard & Co. to Oliver, after the property had passed out of their possession, and after the attachment, obviously conveyed no title. Hibbard & Co. then had no title to convey. They claimed none. They concede the sale and delivery to appellees, and told Oliver at the time the lumber belonged to Ripley & Son. The receipt given by the captain of the "Dunham" for the lumber, in and by which he agreed to deliver it to Oliver's representatives at Chicago, had, for obvious reasons, no effect whatever upon the question of ownership.

What has been said disposes of the issues involved, and it is not necessary to consider in detail appellant's objections to the judgment. It must be affirmed.